**Theresa COCHRELL, Appellant,**

**v.**

**Janet SCHNEIDER, Teri Coates and Joseph Conley, Respondents.**

**No. ED 96553.**

Missouri Court of Appeals, Eastern District, Division Four.

July 31, 2012.

James S. Collins II, St. Louis, MO, for appellant.

Dana Ceresia and Denise McElvein, Assistant Attorney General, St. Louis, MO, for respondents.

PATRICIA L. COHEN, Judge.

### *Introduction*

Theresa Cochrell (Plaintiff) appeals the trial court's grant of summary judgment to Janet Schneider, Terri Coates, and Joseph Conley (collectively, "Defendants") on

Plaintiff's claim of negligence.[1] Plaintiff contends that the trial court erred in finding that Plaintiff's claim of civil conspiracy fails as a matter of law and that the doctrines of official immunity and public duty shield Defendants from liability. We affirm.

### Background

On May 28, 2003, Plaintiff was working as a corrections officer in the control center of the St. Louis Community Release Center ("SLCRC"), a Missouri Department of Corrections facility. That morning, as part of a planned training exercise of which Plaintiff was not aware, Plaintiff observed Defendant Conley point a gun at the head of her co-worker, Terrese Greene. Defendant Conley, while pointing the gun at Greene's head, threatened to shoot Greene and demanded that Plaintiff open the door that would allow him entry to a locked area of the SLCRC. When Plaintiff refused to open the door, Defendant Conley pointed the gun at Plaintiff and threatened to shoot her. Plaintiff hid under a desk in the control center. At the conclusion of the exercise, Plaintiff learned that it had been a drill. Coates, the Chief of Custody of the SLCRC, and Conley, a Corrections Training Officer, had devised the training scenario along with a coworker, Bernice Baver. Schneider, the Superintendent of the facility, had reviewed, modified, and approved it.[2]

On June 14, 2005, Plaintiff filed a petition against Schneider, Coates, and Conley for injuries stemming from the training exercise. Plaintiff alleged that "Defendants Schneider, Coates and Conley conspired among themselves to set up a false dangerous situation" and "failed to use ordinary care" in allowing Conley to take Greene hostage and threaten to shoot Plaintiff and Greene, while Schneider and Coates failed to respond to Plaintiff's repeated calls for assistance. Plaintiff asserted that she suffered multiple injuries due to "the joint and concurrent negligence of all Defendants." In a subsequent amendment by interlineation, Plaintiff claimed specifically that Defendants entered into a "civil conspiracy" to have Defendant Conley use a gun during the training exercise in violation of "the State of Missouri and/or the Department of Corrections and/or the St. Louis Community Release Center's Rules and Regulations."

On March 22, 2011, the trial court granted summary judgment to each of the Defendants on the grounds that Plaintiff's claim of civil conspiracy failed as a matter of law and the doctrines of official immunity and public duty shielded them from liability for Plaintiff's claims. Plaintiff appeals.

### Discussion

In her sole point on appeal, Plaintiff contends that the trial court "abused its discretion and committed reversible prejudicial error" in granting Defendants' motion for summary judgment. More specifically, Plaintiff contends that the trial court erred in determining that Plaintiff's claim of civil conspiracy fails as a matter of law

1. Though the trial court construed Plaintiff's petition "as asserting a single tort claim of negligence," the trial court also found that "Plaintiff's response to the motion [for summary judgment] appears to argue that at least part of Plaintiff's claim is for civil conspiracy." The trial court thus also addressed any potential claim of civil conspiracy by the Plaintiff.

2. A more complete discussion of the facts of this case is set forth in this court's opinion in *Greene v. Schneider*, No. ED96572, 372 S.W.3d 887, 2012 WL 3094562 (Mo.App. E.D. July 31, 2012), handed down contemporaneously with this case.

and that the doctrines of official immunity and public duty shield Defendants from liability.

The issues of this case, and Plaintiff's arguments, are almost identical to the companion case *Greene v. Schneider*, No. ED96553, 372 S.W.3d 887, 2012 WL 3094562 (Mo.App.E.D. July 31, 2012), handed down contemporaneously with this case. For the reasons set forth in our opinion in *Greene*, we conclude that the trial court did not err in granting summary judgment on behalf of Defendants. Point denied.

### *Conclusion*

The judgment of the trial court is affirmed.

KURT S. ODENWALD, C.J., and ROBERT M. CLAYTON III., J., concur.